Filed 11/25/13  P. v. Tweedy CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B248826 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. YA033017) |
| v. | |
| FERONE LAWRENCE TWEEDY, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior court of Los Angeles County.  William C. Ryan, Judge.  Affirmed.

Dee Hayashi, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

On or about May 27, 1997, Ferone Lawrence Tweedy robbed a 7-Eleven at knifepoint after a dispute with the cashier over the correct change. On June 26, 1997, Tweedy was charged with one count of felony robbery under Penal Code section 211.[1] After a trial, the jury found Tweedy guilty of second degree robbery, and found true the special allegation that he used a weapon. (§§ 211; 12022, subd. (b)(1).) On May 5, 1998, he was sentenced under the "Three Strikes" law to 26 years to life. Tweedy had two prior strikes from convictions for assault and robbery in 1983.

On April 3, 2013, Tweedy filed a petition to recall his sentence under Penal Code section 1170.126, also known as the Three Strikes Reform Act of 2012. Under the Three Strikes Reform Act, "prisoners currently serving sentences of 25 years to life for a third felony conviction which was not a serious or violent felony may seek court review of their indeterminate sentences and, under certain circumstances, obtain resentencing as if they had only one prior serious or violent felony conviction." (*People v. Superior Court* (2013) 215 Cal.App.4th 1279, 1286.) The court has discretion to deny resentencing if the inmate would pose an unreasonable risk of danger to public safety. (§ 1170.126, subd. (f).) An inmate is not eligible for resentencing if the inmate's third strike was a violent felony under section 667.5. (§ 1170.126, subd. (e)(1).) The trial court denied Tweedy's petition to recall his sentence because Tweedy's current offense of second degree robbery is a violent felony. (§ 667.5, subd. (c)(9).)

Defendant filed a timely appeal and we appointed counsel to represent him. The issue of the appealability of an order denying a petition for recall of a sentence under section 1170.126 is currently under review by the California Supreme Court. (See *Teal v. Superior Court* (2013) 217 Cal.App.4th 308, review granted July 31, 2013, S211708; *People v. Hurtado* (2013) 216 Cal.App.4th 941, review granted July 31, 2013, S212017.) We previously found that an order denying a petition for recall of a sentence was appealable. (*People v. Hurtado, supra,* 216 Cal.App.4th 941.) Until directed otherwise by the Supreme Court, we will continue to treat it as such.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

After examination of the record, appointed counsel filed an opening brief raising no issues and asking this court to independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436, 441–442.) On September 4, 2013, we sent letters to defendant and appointed counsel directing counsel to immediately forward the appellate record to defendant and advising defendant that he had 30 days in which to personally submit any contentions or issues he wished us to consider. To date, defendant has not responded.

We have examined the record and are satisfied that Tweedy's counsel has complied with her responsibilities and that no arguable issues exist. (*People v. Kelly* (2006) 40 Cal.4th 106, 109–110; *People v. Wende, supra,* 25 Cal.3d at p. 441.) Tweedy's commitment offense constitutes a violent felony. Therefore, he was ineligible for resentencing under section 1170.126. Accordingly, the trial court properly denied his petition to recall his sentence.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED.

CHANEY, J.

We concur:

ROTHSCHILD, J. Acting P. J.

JOHNSON, J.

3